# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION; JOHN GREGORY UNRUH,<br><br>    Defendants. | Case No. 17-cv-0701 DMS (AGS)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SERVICE BY U.S. MARSHALS SERVICE** |

On April 6, 2017, Plaintiff Gavin B. Davis, proceeding *pro se*, filed a complaint against Defendants Federal Bureau of Investigation and John Gregory Unruh and paid the required filing fee. On the same day, Plaintiff filed a document entitled "Request for U.S. Marshall [sic] for Service on Defendant Greg for Cause." In the document, Plaintiff requests that the United States Marshals Service ("USMS") effect service on Defendant John Gregory Unruh. The Court construes this document as a request for service of the summons and complaint by the USMS, pursuant to Federal Rule of Civil Procedure 4(c)(3). For the reasons set forth below, the Court denies this request.

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or

deputy marshal...." If a court has authorized a plaintiff to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 or as a seaman pursuant to 28 U.S.C. § 1916, the court must order service by the USMS. *See* Fed. R. Civ. P. 4(c)(3). Here, however, Plaintiff is not proceeding IFP because he has paid the full filing fee when he initiated the present action, nor is he proceeding as a seaman.

A court has discretion under Rule (4)(3) to order Marshals' service of a non-IFP complaint "'in certain limited circumstances as when a hostile defendant threatens injury to the process server.'" *Hoffart v. Washington Mut. Bank, Nat. Ass'n*, No. CV 12-10465-E, 2013 WL 2445019, at *1 (C.D. Cal. May 13, 2013) (quoting Wright and Miller, Federal Practice and Procedure, § 1090, p. 476 (3rd ed. 2002)). Plaintiff, however, has not made any such showing.

Although the Court may afford Plaintiff "more latitude than litigants represented by counsel to correct defects in service of process and pleadings," *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993), it need not impose the duty of service process on the USMS "because a pro se litigant has failed to successfully serve his complaint due to ignorance or misunderstanding of the rules regulating service." *Vahidallah v. Chase Bank*, No. 13CV590-MMA BLM, 2013 WL 3777181, at *1 (S.D. Cal. July 16, 2013).[1] Accordingly, the Court denies Plaintiff's request for service by USMS.

**IT IS SO ORDERED.**

Dated: April 13, 2017

Hon. Dana M. Sabraw
United States District Judge

---

[1] In support of the request for service by the USMS, Plaintiff attached an affidavit of service, indicating a process server attempted to serve Plaintiff's opening brief on November 25, 2016, which is irrelevant to the present action. Plaintiff also included proof of attempted service, showing that Plaintiff has attempted service of the complaint and summons in an unrelated action.