# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION, JOHN GREGORY UNRUH,<br><br>                    Defendants. | Case No. 17-cv-00701-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT FBI'S MOTION TO DISMISS (ECF No. 18);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO ADD DEFENDANT (ECF No. 13);**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 7);**<br><br>**(4) DISMISSING DEFENDANT UNRUH WITHOUT PREJUDICE; AND**<br><br>**(5) DENYING AS MOOT PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION (ECF No. 15) AND FOR MENTAL EXAMINATION (ECF No. 17)** |

In his Complaint, filed pro per, Plaintiff Gavin B. Davis alleges that Defendant John Gregory Unruh committed domestic terrorism by "cyberstalking" him in violation of 18 U.S.C. § 2331(5) (domestic terrorism/Patriot Act) and 47 U.S.C. § 223 (use of telecommunications device in interstate commerce to harass). (Compl. ¶¶ 10, 14a (ECF No. 1)). Plaintiff further alleges that the Federal Bureau of Investigation ("FBI") failed to investigate this cyberstalking despite Plaintiff's emails and telephone calls "imploring them" to do so. (Compl. ¶6.) Plaintiff now seeks to add a new defendant, who apparently is an FBI employee. (ECF No. 13.) Plaintiff claims this FBI agent "failed[ed] to reasonably follow-up on bona-fide evidence" identifying an individual on the FBI most-wanted list as Defendant Unruh. (ECF No. 13.)

The FBI moves to dismiss (ECF No. 18). The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). Because the allegations involve the FBI's "discretionary function," the Court **GRANTS** the Motion to Dismiss the FBI with prejudice and **DENIES** the Motion to Add a New Defendant.[1]

I. **Legal Standard**

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

---

[1] Plaintiff also admits he failed to exhaust administrative remedies (ECF No. 19), so the Motion to Dismiss could be granted on this ground as well. Furthermore, because Plaintiff fails to allege the basis for federal subject matter jurisdiction and Plaintiff has failed to state a claim against Defendant Unruh under Rule 12(b)(6), the Court *sua sponte* dismisses the Complaint against Unruh with leave to amend. Plaintiff's remaining motions are dismissed as moot. (ECF Nos. 7, 15, 17.)

asserting jurisdiction." *Id*. (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under the Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United State*s, 541 F.3d 1189, 1197 (9th Cir. 2008), quoting *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court may raise the issue of lack of subject matter jurisdiction *sua sponte* at any point in the proceedings. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Omar v. Sea-Land Serv. Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court

to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II. FBI

Under the doctrine of sovereign immunity, the United States may not be sued unless it expressly consents to be sued or unequivocally waives sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *United States v. King*, 395 U.S. 1, 4 (1969).) The Federal Torts Claims Act ("FTCA"), alleged by Plaintiff in this case, is such a waiver of sovereign immunity, but it is limited by the discretionary function exception. *Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996). "The discretionary function exception covers any FTCA claims 'based upon the exercise or performance *or failure to exercise or perform* a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)). "Where the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists." *Id.* (citing *In re Glacier Bay*, 71 F.3d 1447, 1450 (5th Cir. 1995)).

The United States bears the burden of showing the discretionary function exception applies. *Id.* The Government must show that: (1) the action or inaction involved "an element of judgment or choice" (*id.* (quoting *United States v. Gaubert*,

499 U.S. 315, 322 (1991))) and (2) the action or inaction involved "considerations of social, economic or political policy" (*id.* (quoting *Glacier Bay*, 71 F.3d at 1480)).

The failure of the FBI to investigate Defendant Unruh, as alleged in this Complaint, is such a discretionary function. It involves an element of judgment or choice. When deciding whether to investigate an alleged crime, the FBI considers many factors including the source of the information, its credibility, the amount of detail provided by the reporter, the seriousness of the alleged criminal activity, the FBI's jurisdiction over the crime, and the agency's priorities, not to mention funding limitations and how those funds can best be allocated to various priorities. *See Gonzalez v. United States*, 814 F.3d 1022, 1029 (9th Cir. 2016) (FBI decision whether to share information involves an element of judgment or choice).

Furthermore, this decision involved considerations of social, economic, or political policy. *See Sabow*, 93 F.3d at 1453 ("Investigations by federal law enforcement officials . . . clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of a criminal investigation.")

Therefore, the FBI, in its Motion to Dismiss, has met its burden of showing the discretionary function exception applies to the allegations in the Complaint. The Court lacks subject matter jurisdiction. Therefore, under Rule 12(b)(6), the Motion to Dismiss is **GRANTED**. (ECF No. 18.) Furthermore, because this Court finds that no facts claiming the FBI was negligent due to its failure to investigate another individual could avoid the discretionary function exception, the Court grants the Motion to Dismiss without leave to amend. *See Schreiber Distrib. Co.*, 806 F.2d at 1401.

In addition, since any amendment to add an FBI agent—who allegedly failed to investigate Unruh's similarity to an individual on the most-wanted list—would face similar subject matter dismissal, the Motion to Add a Defendant is **DENIED** as such an amendment would be futile. (ECF No. 13.) In his Response to the Motion to

1  Dismiss, Plaintiff withdraws his Motion for Sanctions against the FBI, and the Court
2  agrees the Motion is baseless, hence it too is **DENIED.** (ECF No. 7.)

### III. Defendant Unruh

Plaintiff alleges claims against Defendant Unruh based on two federal criminal statutes, 18 U.S.C. § 2331(5) (domestic terrorism) and 47 U.S.C. § 223(a) (use of telecommunications device in interstate communications to annoy, abuse, harass, or threaten any person). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation omitted). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) (citation omitted); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001 (Scalia, J.) ("Like substantive federal law itself, private rights of action to enforce federal laws must be created by Congress"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions that provide no basis for civil liability do not give rise to a civil cause of action); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute.")

Neither statute Plaintiff seeks to invoke in his Complaint is a criminal provision providing for a private cause of action. Thus, various courts have concluded allegations that these criminal statutes were violated are insufficient to state a claim. *See Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2012 WL 5869707 at *6 (N.D. Cal. Nov. 19, 2012) (holding that harassment under 47 U.S.C. § 223 provides no civil remedy); *Cox v. Randazza*, No. 2:13-cv-00297-MMD-VCF, 2013 WL 6408736, at *6 (D. Nev. Nov. 27, 2013) (stating that claims under 47 U.S.C. § 223 are not properly brought in a civil complaint); *Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (same); *Boyd v. City of Oceanside Police Dep't*, No. 11-cv-3039-LAB (WMc), 2013 WL 5671164, at *5 (S.D. Cal. Oct. 11, 2013)

(finding no private civil right of action under domestic terrorism statute, 18 U.S.C. § 2331); *Archer v. City of Taft*, No. 1:12-cv-00261-AWI-JLT, 2012 WL 1458136, at *6 (E.D. Cal. Apr. 26, 2012) (same). This Court agrees. To the extent Plaintiff is claiming federal jurisdiction because of a violation of a federal criminal statute, he fails to state a claim and the Complaint should be dismissed pursuant to Rule 12(b)(6).

To the extent Plaintiff is alleging some other state law claim, because there are no allegations about the amount in controversy, he fails to state sufficient information to show that subject matter jurisdiction exists in federal court. Therefore, the Court **DISMISSES** *sua sponte* the Complaint against Unruh, mooting the Motions for Service by Publication (ECF No. 15) and the Motion for Mental Examination of Unruh (ECF No. 17). However, the Court will give Plaintiff leave to amend the Complaint against Unruh only. If Plaintiff elects to file an amended Complaint against Unruh, he must put the basis of his claim and why it belongs in federal court. Simply alleging violation of a federal criminal statute is insufficient.

### III.  CONCLUSION

The Court **GRANTS** the FBI's Motion to Dismiss with prejudice and **DENIES** Plaintiff's motion to add another FBI employee defendant. (ECF Nos. 13, 18.) The Court **DISMISSES** *sua sponte* the remaining claims against Defendant Unruh, but gives Plaintiff leave to file an amended Complaint against Unruh only. Any amended Complaint must address the concerns expressed by the Court in this Order and must be filed no later than **October 20, 2017**. The remaining Motions (ECF Nos. 7, 15, 17) are **DISMISSED** as moot or withdrawn.

**IT IS SO ORDERED.**

**DATED: September 27, 2017**

Hon. Cynthia Bashant
United States District Judge